HORTON, J.,
concurring.
I reluctantly concur in the Court’s determination that the district court erred in its interpretation of the Scheduling Order. This decision underscores the necessity that trial courts carefully craft scheduling orders to avoid the type of gamesmanship that took place in this case and which has not been addressed by the Court’s opinion.
As the Court notes, Plaintiffs were required to disclose the identity of their experts by October 30, 2013. The Plaintiffs did so and provided responses to discovery which represented that accompanying reports by Dr. DeLong and Arruda set forth the substance of the opinions that the witnesses were expected to give at trial “and the specific facts and data upon which such opinions are based.” Of course, these reports did not contain “specific facts and data” relating to the experts’ familiarity of the applicable standard of health care practice, as required by Idaho Code section 6-1013, because neither expert had undertaken to familiarize himself or herself with those standards.
My view is that, in a medical malpractice case, the disclosure of the identity of an expert expected to testify as to compliance with, or the failure to comply with, the applicable standard of health care practice advances an implicit representation that the expert has, in fact, some basis of knowledge on that subject. In this case, this implicit representation was made explicit by Plaintiffs’ attorney[2] in response to the motion to exclude the testimony of Dr. DeLong and Arruda: ■
Now, I can represent to you as an officer of the Court that these people would not give opinions that they weren’t prepared foundationally to back up and do it properly.
[[Image here]]
I guess the point that I’m making, your Honor, is this: There are various ways that an expert can become familiar. If they want to know, they can ask. As we’re willing to tell them. I mean, this isn’t a hide the ball. This isn’t a contest of cat and mouse. We’re willing to tell them.
The clear import of these statements is that Dr. DeLong and Arruda had familiarized themselves with the applicable standard of *117 health care practice when preparing their opinions. This was not the case. Whether the misrepresentation was intentional or reckless, it is perhaps subject to sanctions under other provisions of the Idaho Rules of Civil Procedure or Bar disciplinary proceedings. However, I reluctantly agree with the Court that such misrepresentations are not sanctionable under Idaho Rule of Civil Procedure 16(i) for violation of the Scheduling Order.
In order to avoid the situation presented in the instant case, if a trial court wishes to rely on Idaho Rule of Civil Procedure 16(i) as an enforcement mechanism, the scheduling order must clearly specify that disclosure of opinions by experts offering testimony subject to the requirements of Idaho Code section 6-1013 must set forth the basis upon which the expert is familiar with the applicable standard of health care practice. However, I do not view enforcement of scheduling orders as the best mechanism for resolving disputes regarding the admissibility of such expert testimony.
Instead, this case underscores the desirability of crafting scheduling orders that set witness disclosures and discovery cutoffs sufficiently in advance of the scheduled trial so that the court may entertain summary judgment motions. In my view, it is less desirable to evaluate the admissibility of expert testimony in the context of enforcement of a scheduling order than in the course of ruling on a motion for summary judgment. In the latter instance, the requirements of Idaho Rule of Civil Procedure 66(e) provide the trial court with an appropriate mechanism to evaluate the admissibility of opinion testimony. Further, Idaho Rule of Civil Procedure 66(g) provides a mechanism for dealing with bad faith by a party.
EISMANN, J. concurs.

. The misrepresentation to the trial court was not made by Mr. Nalder.